` UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Floyd Littlejohn, #08767-058, ) | C/A No. 3:11-3049-MBS-JRM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| Warden, FCI Bennettsville, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, Thomas Floyd Littlejohn, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief. Petitioner is an inmate at FCI Bennettsville, a facility of the Federal Bureau of Prisons. Petitioner seeks to have his sentence vacated and his criminal case remanded for re-sentencing. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, this matter is before the assigned United States Magistrate Judge for initial screening. Having reviewed the Petition and applicable law, the undersigned recommends that the Petition be summarily dismissed.

### *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Corrs.*, 64 F.3d 951 (4th Cir.

1

1995) (en banc), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

When a federal court is evaluating a *pro se* petition, the petitioner's factual allegations are assumed to be true. *See Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Thus, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules

Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). But even under this less stringent standard, it plainly appears from the instant Petition that this Court lacks jurisdiction to hear Petitioner's case. Accordingly, the Petition submitted in this case should be summarily dismissed.

## Background

This Court takes judicial notice that, in 1990, Petitioner was indicted via a superseding indictment in the United States District Court for the Western District of North Carolina upon numerous counts of conspiracy to distribute cocaine, possession with intent to distribute cocaine, and distribution of cocaine, in violation of 21 U.S.C. §§ 841(a) and 846.[1] After trial, the jury returned a guilty verdict, and Petitioner subsequently received a sentence of 360 months imprisonment for his convictions on the conspiracy charge, 14 counts of possession with intent to distribute cocaine, and 13 counts of distribution of cocaine. *United States v. Fletcher*, No. 91-5194, 1993 WL 149916 (4th Cir. May 11, 1993). Petitioner filed a direct appeal of these convictions, which the Fourth Circuit Court of Appeals denied. *Id.*

Petitioner later filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255(3), which the sentencing court denied as untimely, *Littlejohn v. United States*, No. 1:05-cv-00249 (W.D.N.C. July 5, 2005), and which denial the Fourth Circuit affirmed, *United States v. Littlejohn*, 157 F. App'x 596 (4th Cir. 2005). Subsequently, Petitioner filed a motion for relief from judgment, which was denied by the sentencing court, and which denial the Fourth Circuit affirmed. *United States v. Littlejohn*, 239 F. App'x 833 (4th Cir. 2007).

---

[1] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (citing cases for the premise that federal courts may take notice of proceedings in other courts if those proceedings have a direct relation to matters at issue).

Petitioner also filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). *See United States v. Littlejohn*, 202 F. App'x 637, 638 (4th Cir. 2006). The sentencing court denied relief on this motion, *United States v. Littlejohn*, No. 1:90-cr-00231-5 (W.D.N.C. Apr. 17, 2006), and the Fourth Circuit again affirmed, *Littlejohn*, 202 F. App'x at 638. Petitioner followed this action with a second § 3582 motion, *see United States v. Littlejohn*, 384 F. App'x 268, 268 (4th Cir. 2010), which the sentencing court also denied, *United States v. Littlejohn*, No. 1:90-cr-00231-MR-DL-1 (W.D.N.C. Aug. 14, 2009); the Fourth Circuit affirmed this denial, *Littlejohn*, 384 F. App'x at 268-69.

In the § 2241 Petition sub judice, Petitioner alleges that, in light of the decision of the United States Supreme Court in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), he is "actually innocent" with respect to his status as a "career offender." Petitioner explains that his career offender status is premised upon prior convictions as follows:

> Felony Discharge Weapon in Occupied Property; Assault w/Deadly Weapon Inflicting Serious Injury (para. 29) and Possess w/Intent to Sell and Deliver Schedule VI (para. 35). The prior offense Possess w/Intent to Sell and Deliver Schedule VI carried a sentence of less than one year in 1989. Petitioner was sentenced to pay a fine and court cost.

Pet. at 5 [Entry #1] (citing Pet'r's Presentence Investigation Report, Entry #14, *United States v. Littlejohn*, No. 1:90-cr-00231-MR-DL-1 (W.D.N.C. Aug. 14, 2009)). Petitioner argues that, under *Carachuri-Rosendo*, his "Possess w/Intent to Sell and Deliver Schedule VI conviction cannot be used as a predicate to designate Petitioner as a career offender. Without this conviction, there was not another prior conviction that could be used to designate Petitioner as a career offender." *Id.*

4

Discussion

The Petition presents the threshold question of whether Petitioner properly raises his claims in this Court pursuant to 28 U.S.C. § 2241. Seeking judicial review under § 2241 in the district of confinement is reserved for attacks against "the computation and execution of the sentence rather than the sentence itself." *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989). A motion under 28 U.S.C. § 2255 is utilized to attack a sentence as it was imposed, rather than as the sentence is being executed. *United States v. Snow*, 748 F.2d 928, 934 (4th Cir. 1984) (quoting *Freeman v. United States*, 254 F.2d 352, 353-54 (D.C. Cir. 1958)). As Petitioner is attacking the validity of his 360-month sentence, his claim would usually be brought under § 2255 in the sentencing court. *See United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008).

Section 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of a petitioner's detention when a § 2255 petition is "inadequate or ineffective" to test the legality of his detention. *Rice v. Rivera*, 617 F.3d 802 (4th Cir. 2010). But the Fourth Circuit Court of Appeals has held,

> It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions. Nevertheless, there must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless.

*In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). In the Fourth Circuit, the savings clause may be invoked when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

5

*Id.* at 333-34. Thus, the savings clause is not available to a petitioner merely because his prior § 2255 motion was unsuccessful, *see id.* at 333, or because he is unable to meet the requirements to file a successive § 2255 motion, *see San-Miguel v. Dove*, 291 F.3d 257, 261 n.2 (4th Cir. 2002).

In this case, Petitioner argues that the savings clause allows him to bring his claim within a § 2241 petition before this Court, but the undersigned disagrees. Petitioner does not allege that the substantive law changed such that the conduct of which Petitioner was convicted ("Possess w/Intent to Sell and Deliver Schedule VI") is now deemed not to be criminal. Instead, Petitioner argues that a recent Supreme Court decision, *Carachuri-Rosendo,* invalidates his classification as a career offender. Specifically, Petitioner claims that a prior state conviction and sentence, if analyzed under *Carachuri-Rosendo*, does not qualify as a predicate offense.

Thus, Petitioner appears to allege that the "savings clause" should be invoked because he is "actually innocent" of a sentence enhancement. However, the Fourth Circuit has not yet extended the reach of the savings clause to petitions which challenge only a sentence. *Poole*, 531 F.3d at 267 n.7. Accordingly, Petitioner's action, seeking a determination that he is actually innocent of a sentence enhancement, fails to state a cognizable § 2241 claim. *See United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes").

6

<u>Recommendation</u>

Accordingly, it is recommended that the Petition in the above-captioned case be dismissed without prejudice.

Joseph R. McCrorey
United States Magistrate Judge

January 13, 2012
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).