IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Floyd Littlejohn,   #08767-058,    )<br>                                                                  )<br>                                  Petitioner,   )<br>                                                                  )<br>     vs.                                                         )<br>                                                                  )<br>Warden, FCI Bennettsville,                       )<br>                                                                  )<br>                                  Respondent.  )<br>_____) | C/A No. 3:11-3049-MBS<br><br><br>**ORDER AND OPINION** |

      Petitioner Thomas Floyd Littlejohn is an inmate in custody of the Federal Bureau of Prisons. He currently is housed at FCI-Bennettsville in Bennettsville, South Carolina. On November 17, 2011, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contends that, based on the Court's holding in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), he is "actually innocent" of being a career offender.[1]

      In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge reviewed the petition as set forth in the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 and applicable precedents. On January 13, 2012, the Magistrate Judge issued a Report and Recommendation in which he noted that Petitioner had filed a motion pursuant to 28 U.S.C. § 2255 in the Western District of North Carolina, which was denied as untimely on July 5, 2005. The Magistrate Judge further noted that when, as in this case, an inmate attacks the validity of his

_____

[1] Under Carachuri-Rosendo, a state offense qualifies as an "aggravated felony" if the crime is punishable as a felony under federal law; that is, the crime is subject to a maximum term of imprisonment of more than one year. Petitioner contends that his career offender status is premised in part upon a drug charge that carried a sentence of less than one year and for which he was sentenced to pay a fine and court costs.

sentence, the claim must be brought under § 2255. Because Petitioner previously filed a § 2255 action, he is required to first seek permission from the Court of Appeals for the Fourth Circuit. See 28 U.S.C. § 2244(b)(3)(A)

The Magistrate Judge observed, however, that § 2255 contains a savings clause that permits a district court to consider a § 2241 petition challenging the validity of an inmate's detention when a § 2255 petition is inadequate or ineffective to test the legality of detention. A § 2255 motion is inadequate or ineffective to test the legality of a petitioner's detention when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

The Magistrate Judge determined that Petitioner seeks to utilize the savings class to demonstrate that he is "actually innocent" of a sentencing enhancement. The Magistrate Judge noted that the Fourth Circuit has not extended the savings clause to challenges of a sentence rather than the legality of detention. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010). Accordingly, the Magistrate Judge recommended that the § 2241 petition be dismissed.

Petitioner filed objections to the Report and Recommendation on January 27, 2012. Petitioner asserts that his § 2241 petition is a proper vehicle for bringing his claim because he can satisfy the requirements of the savings clause. Petitioner states that, at the time of sentencing, settled law of this Circuit established that the prior drug offense was a felony drug offense for enhancement purposes. He further states that Carachuri-Rosendo was decided subsequent to his direct appeal and

first § 2255 motion. Finally, Petitioner states that the new rule set forth in Carachuri-Rosendo is not one of constitutional law or based on newly discovered evidence such that Petitioner would qualify for a successive § 2255 motion. Petitioner further asserts that the Fourth Circuit applied Carachuri-Rosendo to create a new substantive rule in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). According to Petitioner, Simmons make clear that a prior conviction for which a defendant could not have received more than one year in prison does not qualify as a felony offense under federal law.

Assuming for purposes of discussion only that Petitioner's § 2241 is a proper vehicle to bring his claim of an improper sentencing enhancement, Petitioner's claim still does not lie. The Fourth Circuit recently determined that Simmons is not retroactively applicable to cases on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012).

For the reasons stated, Petitioner's § 2241 petition is summarily dismissed, without prejudice.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84

(4th Cir.2001).  The court concludes that Petitioner has not made the requisite showing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour<br/>Chief United States District Judge

Columbia, South Carolina

December 12, 2012.

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**